**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ERIK MERIDA-MAZARIEGOS, | No. 07-71913 |
| Petitioner, | Agency No. A072-117-966 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Erik Merida-Mazariegos, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel. Our jurisdiction is governed by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

RB/Research

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Merida-Mazariegos' motion to reopen as untimely because the motion was filed more than nine years after the BIA's November 14, 1997, order dismissing his appeal. *See* 8 C.F.R. § 1003.2(c)(2). The BIA acted within its discretion in determining that the evidence submitted with the motion to reopen failed to establish the due diligence required to warrant tolling of the motions deadline. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

Contrary to Merida-Mazariegos' contention, the BIA did not engage in an impermissible credibility determination when assessing the evidence submitted with his motion to reopen, because his testimony before the immigration judge contradicted his mother's affidavit regarding his entry date to the United States. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (facts presented in affidavits must be accepted as true unless inherently unbelievable).

We lack jurisdiction to consider Merida-Mazariegos' claim regarding voluntary departure because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Merida-Mazariegos' pending motion is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.